IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROLYN SUE THOMAS, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-2476-S-BK |
| § | |
| DALLAS HOUSING AUTHORITY, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On October 3, 2024, Plaintiff Carolyn Sue Thomas filed a *pro se* complaint against the Dallas Housing Authority related to eviction proceedings in Justice of the Peace Court. Doc. 3 at 4. At a minimum, the complaint is inartfully pled. She relies on federal criminal statutes, 18 U.S.C. §§ 241 and 242, as the jurisdictional basis for her suit. Doc. 3 at 3; Doc. 3 at 13 (*Civil Cover Sheet*). As best the Court can glean, Thomas states that she is a "whistleblower for U.S. Gov (HUD)" and that she unsuccessfully appealed her eviction to County Court at Law No. 2 and the Fifth District Court of Appeals. Doc. 3 at 1, 4; *see also* Doc. 3 at 6-12 (copies of state judgments and appeal opinion). She alleges that the Justice of the Peace Court lacked

jurisdiction over the eviction petition and the Dallas Housing Authority retaliated against her. Doc. 3 at 4-5; *see also* Doc. 3 at 13 (describing cause of action in the Civil Cover Sheet as "retaliatory eviction due to Plaintiff report of price gaudging [sic]"). Thomas seeks $300,000 in damages because of discrimination by the Dallas Housing Authority. Doc. 3 at 4-5.

The Court takes judicial notice that in 2023 Thomas filed a nearly identical complaint, along with a motion to proceed *in forma pauperis* (IFP motion), against the Dallas Housing Authority, the Justice of Peace Court, and the County Court at Law No. 2 arising from the same eviction proceedings. *Thomas v. Dallas Hous. Auth., et al.*, No. 3:23-cv-1792-E-BN, Civ. Doc. 3 (N.D. Tex.) (enclosing copies of some of the same state court orders and also noting in the caption that she is a "HUD Whistle Blower [sic]"). The Court granted Thomas' motion to proceed *in forma pauperis* and dismissed the action with prejudice as frivolous and for failure to state a claim. *Thomas v. Dallas Hous. Auth.*, No. 3:23-CV-1792-E-BN, 2023 WL 5918794, at *1 (N.D. Tex. Aug. 14, 2023), *rec. adopted*, 2023 WL 5918938 (N.D. Tex. Sept. 11, 2023).

Upon review, Thomas fails to present a cognizable federal claim and, if she is reasserting the claims alleged in Case No. 3:23-CV-1792-E-BN, her complaint is duplicative. Thus, this action should be dismissed as frivolous and for failure to state a claim.

**II. ANALYSIS**

Because Thomas is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law

when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Thomas' complaint is frivolous and fails to state a claim.

To the extent that Thomas alleges criminal law violations in this Court under 18 U.S.C. §§ 241 and 242, her request lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Thomas has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Further, Thomas' remaining allegations are duplicative and thus frivolous because she previously filed a nearly identical lawsuit that was dismissed with prejudice. "IFP complaints may be dismissed as frivolous when they seek to relitigate claims which allege substantially the

same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Even under the most deferential review, the Court concludes that Thomas merely reasserts her previous claims, which arose from substantially the same facts and course of events and involved the same defendant.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Thomas has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Thomas could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Thomas' complaint should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on October 10, 2024.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).